UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUKHBIR SINGH PHULL, dba Shop N Save Market; JAGJEET SINGH, dba Shop N Save Market; JOSEPH J. SANDOVAL, a/k/a JOSE J. SANDOVAL, Trustee of the SANDOVAL FAMILY TRUST, under instrument dated January 16, 2018; and SALLY SANDOVAL, Trustee of the SANDOVAL FAMILY TRUST, under instrument dated January 16, 2018,<br><br>　　　　Defendants. | Case No. 1:22-cv-00167-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>(Doc. No. 13) |

Pending before the Court is Plaintiff's Motion for Default Judgment filed pursuant to Fed. R. Civ. P. 55(b) on October 12, 2022. (Doc. No. 13, "Motion"). Defendants have not answered nor responded to the Complaint. Nor have Defendants filed any opposition or taken any actions in this case. The Court found the Motion suitable for disposition without oral argument under Civil Local Rule 230(g) and vacated the hearing scheduled for November 30, 2022. (Doc. No. 15). For the reasons set forth below, the undersigned recommends the district court grant in part Plaintiff's Motion.

////

I. BACKGROUND

On February 4, 2022, Plaintiff Darren Gilbert commenced this action by filing a complaint against Defendants Sukhbir Singh Phull, doing business as Shop N Save Market; Jagjeet Singh, doing business as Shop N Save Market; Joseph J. Sandoval, a/k/a Jose J. Sandoval, Trustee of the Sandoval Family Trust, under instrument dated January 16, 2018; and Sally Sandoval, Trustee of the Sandoval Family Trust, under instrument dated January 16, 2018 (collectively referred to as "Defendants") alleging violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*; the California Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959.  (Doc. No. 1, "Complaint"). Plaintiff seeks an award of statutory damages, costs of suit, attorney's fees, litigation expenses, injunctive or preventative relief, and interest at the legal rate from the date of filling of the Complaint.  (*Id.* at 8).

The Complaint sets forth the following facts in support of Plaintiff's claims.  Plaintiff is a person with physical disabilities and is "substantially limited in his ability to walk," requiring the use of a wheelchair, knee scooter, or prosthetic.  (*Id* at 2, ¶8).  Defendants are the alleged owners, operators, or lessors of Shop N Save Market (hereinafter referred to as "the Facility") which is located at 903 S. Jefferson Street, Modesto, CA.  (*Id*. at 1, ¶¶1-2 and 2, ¶7).  The Facility is open to the public and intended for non-residential use and affects commerce.  (*Id*., at 2-3, ¶9).  On October 28, 2021, Plaintiff, who lives less than five miles from the Facility, visited the Facility to purchase snacks, but "barriers" prevented him from accessing their "goods, services, privileges and accommodations."  (*Id.* at 3, ¶10).  Specifically, Plaintiff was unable to locate a designated accessible parking stall in the Facility's parking lot, forcing him to park in a standard parking stall in at the rear of the Facility's parking lot; the route of travel from Plaintiff's vehicle to the Facility's entrance was rough and uneven with excessive gaps and large height changes making it difficult for Plaintiff to walk across while using his prosthetic leg; and, the threshold at the Facility's entrance was too high which caused Plaintiff difficulty when stepping over it.  (*Id*.).  As a result, Plaintiff was deterred from visiting the Facility but states he will return once the barriers are removed.  (*Id*. ¶12).

2

1    Plaintiff filed proof of service of summons for Defendant Sally Sandoval, Trustee of the
2    Sandoval Family Trust, under instrument dated January 16, 2018, on March 14, 2022. (Doc. No.
3    5). Plaintiff filed proof of service of summons for Defendant Joseph J. Sandoval, a/k/a Jose J.
4    Sandoval, Trustee of the Sandoval Family Trust, under instrument dated January 16, 2018, on
5    March 14, 2022. (Doc. No. 6). Plaintiff filed proof of service of summons for Defendant Jagjeet
6    Singh, doing business as Shop N Save Market, on March 21, 2022. (Doc. No. 7). Plaintiff filed
7    proof of service of summons for Defendant Sukhbir Singh Phull, doing business as Shop N Save
8    Market, on March 21, 2022. (Doc. No. 8). None of the Defendants appeared or answered. *See*
9    docket. On April 1, 2022, Plaintiff requested the Clerk of Court enter a Rule 55(a) clerk's default
10   against Defendants Joseph Sandoval and Sally Sandoval. (Doc. No. 9). The Clerk of Court
11   entered the default on the same day. (Doc. No. 10). On April 14, 2022, Plaintiff requested the
12   Clerk of Court enter a Rule 55(a) clerk's default against Defendants Sukhbir Singh Phull and
13   Jagjeet Singh. (Doc. No. 11). The Clerk of Court entered the default on April 18, 2022. (Doc.
14   No. 12). On October 12, 2022, Plaintiff filed the instant Motion seeking a default judgment as to
15   all Defendants. (Doc. No. 13).

16   On March 8, 2023, the Court ordered Plaintiff to show cause why the Court should not
17   decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act and California Health and
18   Safety Code claims for the reasons set forth in *Vo v. Choi*, 49 F.4th 167 (9th Cir. 2022) and
19   *Arroyo Jr. v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). (Doc. No. 16). Plaintiff failed to respond to
20   the Court's March 8, 2023 Order. *See* docket. On August 25, 2023, the undersigned issued
21   findings and recommendation to decline supplemental jurisdiction over Plaintiff's Unruh Act and
22   Health and Safety Code Claims. (Doc. No. 19). On September 15, 2023, the district court
23   adopted the findings and recommendation in full, declined to exercise supplemental jurisdiction
24   over Plaintiff's Unruh Act and Health and Safety Code claims, and dismissed Plaintiff's Unruh
25   Act and Health and Safety Code claims without prejudice. (Doc. No. 20).

26                                   II.  ANALYSIS
27        A. Legal Standard
28        Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a

party following the Clerk of Court's entry of default under 55(a). The court cannot enter default judgment if the defendants were not properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). If the court determines service was proper, the court is bound to undertake an analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) before entering a default judgment. Specifically, the court considers the following factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether the default resulted from excusable neglect, and (6) the court's overriding preference to issue decisions on the merits. (*Id*).

After the clerk enters a default, the court shall accept "as true all factual allegations in the complaint, except those as to the amount of damages." *Yoon Chul Yoo v. Arnold*, 615 F. App'x. 868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6). Allegations about "the amount of damages must be proven." *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N.*, 2021 WL 22137, at *1 (E.D. Cal. Jan. 4, 2021). The court also does not accept facts that are not well pled or statements that constitute conclusions of law. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012). Ultimately, the decision of whether to grant a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### B. The *Eitel* Factors

#### 1. Defendants Were Properly Served with Process

Defendants were properly served, and the Clerk of Court lawfully entered defaults against Defendants. (Doc. Nos. 5, 6, 7, 8, 10, 12). Service is effectuated under Federal Rule of Civil Procedure 4(e) by "following state law for serving a summons . . . in the state where the district court is located or where service is made," or by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." California law permits service of the summons and complaint by personal service or by leaving them with a "competent member of the household or a person apparently in charge of his or her office [or] place of business," among other methods. Cal. Code Civ. P. § 415.10-20. All methods require that the service be handled by an individual who is not a party to the action. (*Id.*).

### a. Sally Sandoval

The record reflects a registered process server personally served Defendant Sally Sandoval on March 6, 2022. (Doc. No. 5). California permits service by personally serving a copy of the summons and complaint on the defendant. *See* Cal. Civ. Proc. Code § 415.10; *see also* Fed. R. Civ. P. 4(e). Therefore, because service on Sally Sandoval complies with California law and the proof of service was filed, Defendant Sally Sandoval was properly served consistent with Fed. R. Civ. P. 4.

### b. Joseph J. Sandoval

The record reflects a registered process server personally served Defendant Joseph J. Sandoval on March 6, 2022. (Doc. No. 6). California permits service by personally serving a copy of the summons and complaint on the defendant. *See* Cal. Civ. Proc. Code § 415.10; *see also* Fed. R. Civ. P. 4(e). Therefore, because service on Joseph J. Sandoval complies with California law and the proof of service was filed, Defendant Joseph J. Sandoval was properly served consistent with Fed. R. Civ. P. 4.

### c. Jagjeet Singh

The record reflects a registered process server personally served a co-occupant of Defendant Jagjeet Singh's home on March 6, 2022. (Doc. No. 7). The co-occupant is described as a 35–45-year-old Jane Doe. (*Id.*). On March 10, 2022, a registered process server also mailed, via first-class mail, a copy of the complaint and summons to Defendant Jagjeet Singh using the address for his home. (*Id.*). California permits service by serving a co-occupant of a home who is over the age of 18 and then mailing it to the defendant at his or her home. *See* Cal. Civ. Proc. Code §§ 415.10, 415.20(b); *see also Trujillo v. Taco Riendo, Inc.*, 2022 WL 2236932 (E.D. Cal. Jun. 22, 2022); *Block v. Narwal*, 2022 U.S. Dist. LEXIS 220211 (E.D. Cal. Dec. 6, 2022). Plaintiff also attempted, via a service processor, to serve Defendant Jagjeet Singh at the Facility. (Doc. No. 13-2 at 3, ¶ 12). Therefore, because service on Defendant Jagjeet Singh complies with California law and the proof of service was filed, Defendant Jagjeet Singh was properly served consistent with Fed. R. Civ. P. 4.

////

          d. <u>Sukhbir Singh Phull</u>

The record reflects a registered process server personally served a co-occupant of Defendant Jagjeet Singh's home on March 6, 2022. (Doc. No. 8). The co-occupant is described as a 55–65-year-old Surwinder Doe, Sukhbir Singh Phull's in-law. (*Id.*). On March 10, 2022, a registered process server also mailed, via first-class mail, a copy of the complaint and summons to Defendant Sukhbir Singh Phull using the address for his home. (*Id.*). California permits service by serving a co-occupant of a home who is over the age of 18 and then mailing it to the defendant at his or her home. *See* Cal. Civ. Proc. Code §§ 415.10, 415.20(b); *see also Trujillo v. Taco Riendo, Inc.*, 2022 WL 2236932 (E.D. Cal. Jun. 22, 2022); *Block v. Narwal*, 2022 U.S. Dist. LEXIS 220211 (E.D. Cal. Dec. 6, 2022). Plaintiff also attempted, via a service processor, to serve Defendant Sukhbir Singh Phull at the Facility. (Doc. No. 13-2 at 3, ¶ 12). Therefore, because service on Defendant Sukhbir Singh Phull complies with California law and the proof of service was filed, Defendant Sukhbir Singh Phull was properly served consistent with Fed. R. Civ. P. 4.

      2. <u>Application of the Six *Eitel* Factors</u>

          a. <u>Potential Prejudice to Plaintiff</u>

The Court first considers whether Plaintiff will suffer prejudice if a default judgment is not entered. When a defendant neglects to respond to a complaint, a plaintiff lacks means to recover beyond a default judgment. *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at *3 (C.D. Cal. Feb. 11, 2009). Here, Plaintiff claims he wishes to patronize the Defendants' Facility, and he will continue to suffer discrimination due to his disability without recourse against the Defendants. The "[p]otential prejudice to the plaintiff militates in favor of granting default judgment." *Solis v. Orland Sand & Gravel Corp.*, 2013 WL 85403, at *3 (E.D. Cal. Jan. 8, 2013). The first *Eitel* factor therefore weighs in favor of default judgment.

          b. <u>The Underlying Claim's Merits and Sufficiency</u>

The Court next weighs the merits and sufficiency of Plaintiff's Complaint. Default judgment will only be granted if the plaintiff's complaint states a claim that supports the desired relief. *Danning v. Lavine,* 572. F.2d 1386, 1388 (9th Cir. 1978); *Wells Fargo Equip. Fin., Inc. v.*

*Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021). While well-plead "allegations in the complaint are admitted by a defendant's failure to respond, 'necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Soto v. Rio Gary II, L.P.*, 2022 WL 112047, *2 (C.D. Cal. Jan. 12, 2022) (citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff's Complaint alleges Defendants violated Title III of the ADA, which provides that in public places of accommodation "[n]o individual shall be discriminated against on the basis of disability." 42 U.S.C. § 12182(a). To prevail on a Title III ADA claim, Plaintiff "must establish that: (1) he is disabled within the meaning of the ADA; (2) [Defendants] are a private entity that owns, leases, or operates a place of public accommodation; and (3) [Defendants] discriminated against him by denying him public accommodations because of his disability." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020).

The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities ... [,] a record of such an impairment [,] or being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities as defined by the ADA include walking and standing. *Id.*, § 12102(2). Plaintiff represents he is "physically disabled" and requires the use of a wheelchair, knee scooter, or prosthetic. (Doc. No. 1 at 2, ¶8). Accepting the allegation as true, Plaintiff is deemed to have physical impairment that substantially limits the major activity of walking and standing and therefore is disabled within the meaning of the ADA.

Plaintiff, who lives less than five miles from the Facility, arrived at the Facility on or about October 28, 2021, with the intention of patronizing the business. (*Id.* at 3, ¶10). Plaintiff encountered three barriers: (1) he could not locate a designated accessible parking stall and had to park in a standard parking stall in the rear of the Facility, which had a rough an uneven surface making it difficult for him to unload and walk using his prosthetic; (2) the route of travel from Plaintiff's vehicle to the Facility entrance was rough and uneven with excessive gaps and a large height change at the transition between the parking lot asphalt and the concrete of the entry walkway making it difficult for Plaintiff to walk using his prosthetic leg; and (3) the threshold at the Facility entrance was too high making it difficult for Plaintiff to step over. (*Id.*). As a result,

the aforementioned barriers interfered with Plaintiff's use and enjoyment of the goods, services, privileges, and accommodations at the Facility and deterred him from visiting the Facility. (*Id*. at 3).

Plaintiff claims he is disabled under the ADA and his depiction of the Facility is one of public accommodation. Despite the Facility being a place of public accommodation, Plaintiff was unable to access the Facility's services due to architectural barriers. Such barriers to access are "discrimination" under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv). Because these facts are taken as true following Defendants' entry of default, Plaintiff has stated a *prima facie* Title III discrimination claim.

Given the district court's ruling to decline supplemental jurisdiction over Plaintiff's Unruh Act and California Health and Safety Code claims, the undersigned omits any evaluation of the sufficiency of these claims. (*See* Doc. Nos. 19, 20).

While Plaintiff's Complaint is largely boilerplate, his allegations are taken as true due to Defendants' default. Therefore, Plaintiff sufficiently pled his claims and demonstrated that they have merit. *Trujillo v. GH Food Mart, Inc.*, 2020 WL 4697139, at *4 (E.D. Cal. Aug. 13, 2020). Plaintiff's Complaint meets the low bar to put Defendants on notice by providing enough factual details to determine how he was denied full and equal enjoyment of the Facility. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, at 1177 (9th Cir. 2021) (holding that a complaint cannot recite legal conclusion and the elements of an ADA claim but must put a defendant on notice by alleging sufficient factual details to determine how a plaintiff was denied full and equal enjoyment of the premises); *see also Gilbert v. HBA Enter., Inc.*, 2022 WL 2663761 (E.D. Cal. Jul. 8, 2022); *Trujillo*, 2022 WL 2236932. As such, the second *Eitel* factor weighs in favor of default judgment.

### c. The Amount of Money at Stake

Default judgment "is disfavored where large amounts of money are involved." *Christofferson v. All Pure Pool Serv. of Cent. California, Inc.*, 2020 WL 3249323, at *19 (E.D. Cal. June 16, 2020), report and recommendation adopted sub nom. *Christofferson, v. All Pure Pool Serv. of Cent. California, Inc*, WL 3819413 (E.D. Cal. July 8, 2020). Here, Plaintiff seeks

8

statutory damages in the amount of $4,000.00, plus $3,380.58 in attorney's fees and costs. Plaintiff's request for statutory damages is premised on his Unruh Act claim. (Doc. No. 13-1 at 5-6). Because the district court declined supplemental jurisdiction over Plaintiff's Unruh Act claim, the undersigned recommends the district court deny Plaintiff's request for $4,000.00 in statutory damages. Thus, only Plaintiffs' request for attorney fees remains. Given the rather modest sum of the attorney fees requested, the undersigned finds the third factor weighs in favor of default judgment.

### d. The Possibility of a Factual Dispute

The Clerk of Court's entry of default requires this Court to accept Plaintiff's well-pled factual allegations as true. Despite being properly served, Defendants have failed to appear, answer, or otherwise respond. Thus, the only facts before the Court are those presented by Plaintiff in the Complaint, which are well-pled and must be accepted as true. There is accordingly no factual dispute. *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016). Thus, the fourth *Eitel* factor does not preclude entry of a default judgment.

### e. Whether the Default Resulted in Excusable Neglect

All four Defendants were properly served yet none of the Defendants have appeared over a year since service was effectuated. When service is proper it suggests there was not excusable neglect. *USA Truck, Inc. v. Jugan Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), *report and recommendation adopted*, 2020 WL 3451580 (E.D. Cal. June 24, 2020). The undersigned therefore finds the fifth *Eitel* factor weighs in favor of default judgment.

### f. The Court's Overriding Preference to Issue Decisions on the Merits

*Eitel* emphasizes that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472. Here, with no appearance from Defendants, there is no reasonable possibility of deciding this matter on the merits. Because this sixth and each of the above *Eitel* factors overwhelmingly weigh in favor default judgment, the undersigned recommends the district court grant Plaintiff's motion for default judgment.

////

### 3. Terms of the Judgment and Proof of Damages

#### a. Injunctive Relief

Plaintiff seeks injunctive relief requiring Defendants to make a change and alteration to their businesses. (Doc. No. 13-1 at 3-5). For Title III ADA violations "only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Injunctive relief "may be granted when architectural barriers at defendant's establishment violate the ADA." *Kraus v. Rattu*, 2020 WL 526105, at *5 (E.D. Cal. Feb. 3, 2020), *report and recommendation adopted*, 2020 WL 1274269 (E.D. Cal. Mar. 17, 2020). Plaintiff alleges the Facility was designed or constructed after January 26, 1993, therefore the 1991 ADA Standards for Accessible Design apply for purposes of determining whether a barrier existed. (Doc. No. 1 at 5, ¶23). However, because any remedial work to the Facility will occur after March 15, 2012, Plaintiff submits the 2010 standards govern any injunction. (Doc. No. 13-1 at 3). As noted below, these standards remain the same.

A plaintiff bears the initial burden to "plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances. *Lopez*, 974 F.3d at 1038. A plaintiff is not required to give precise cost estimates or give specific designs for the proposed accommodations. *Id*. Plaintiff avers he was unable to find designated accessible parking at the Facility, forcing him to park in a standard parking stall in the rear with a rough and uneven surface; the route of travel from his vehicle to the Facility entrance was rough and uneven, with excessive gaps, and a large height change at the transition between the asphalt parking lot and the concrete of the entry walkway; and the threshold at the Facility entrance was too high. The undersigned finds removal of these barriers is readily achievable. Creating designated accessible parking spaces can be completed without difficulty or expense by re-painting the pavement markings. "Creating designated accessible parking spaces" has been identified as an "exampl[e] of readily achievable steps to remove barriers." *Johnson v. Altimira Corp.*, No. 16-cv-05335 NC, 2017 U.S. Dist. LEXIS 57647 at *3 (N.D. Cal. Mar. 27, 2017); 28 C.F.R. § 36.304(b)(18). *See also Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20-cv-03871-BLF, 2021 U.S. Dist. LEXIS 113031, at *16-17 (N.D. Cal. June 16, 2021). An accessible route of

travel is also readily accessible because it "merely involve[s] some asphalt and some planning." *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp. 2d 1065, 1088 (D. Hi. 2000) (finding that creating an accessible route from the accessible parking spaces to the building entrance as readily achievable). Finally, replacing a threshold is readily achievable and can be accomplished "through the relatively low-cost remed[y] of…replacing the threshold section of the doorway." *Jones v. Islam*, 2021 U.S. Dist. LEXIS 150450, at *17 (C.D. Cal. Jul. 7, 2021).

Accepting Plaintiff's allegations as true and considering Defendants' nonresponse, the undersigned finds Plaintiff is entitled to the requested injunctive relief requested. The undersigned accordingly recommends injunctive relief requiring Defendants, within sixty (60) days of the district court's order, to remove these barriers by providing: (1) a properly configured accessible parking stall as required by 1991 ADAAG §§ 4.1.2(5), 4.6.3 ("Accessible parking spaces shall be at least 96 in wide"); 2010 ADAAG § 502.2 ("Car parking spaces shall be 96 inches (2440 mm) wide minimum and van parking spaces shall be 132 inches (3350 mm) wide minimum…"); (2) an accessible route of travel as required by 1991 ADAAG §§ 4.1.2(1), 4.1.2(4), 4.5; 2010 ADAAG §§ 206, 402; and (3) an accessible threshold as required by 1991 ADAAG § 4.13.8; 2010 ADAAG § 404.2.5.

### b. Statutory Damages

The district court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act and Health and Safety Code Claims. (*See* Doc. Nos. 19, 20). Accordingly, because the district court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, the undersigned recommends that the district court decline to award Plaintiff $4,000.00 in statutory damages under the Unruh Act.

### c. Attorney's Fees and Costs of Litigation

The ADA permits the recovery of attorney's fees and costs upon receiving injunctive relief. 42 U.S.C. § 12205. Attorney's fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). When "calculating a fee applicant's lodestar, a court has discretion to exclude hours that were not reasonably expended by

11

1  counsel. *McDonald v. Navy Exch. Serv. Command*, 691 F. App'x 448, 449 (9th Cir. 2017)

2  (internal quotations omitted).

3  Plaintiff's counsel seeks an award of $2,626.50 for total billable time spent by the Moore

4  Law Firm, plus $754.08 for costs and litigation expenses. (Doc. No. 13-1 at 6-8.) The billable

5  time encompasses: (1) $2,040.00 for 6.8 hours worked by attorney Tanya E. Moore at an hourly

6  rate of $300.00; (2) $333.50 for 2.9 hours worked by paralegal Whitney Law at an hourly of

7  $115.00; and (3) $253.00 for 2.2 hours worked by paralegal Isaac Medrano at an hourly rate of

8  $115.00. (*Id.*).

9                              i.   Billable Time

10  Plaintiff's counsel provided the court with the time entries detailing the firm's efforts in

11  this matter. (Doc. No. 13-3 at 2-4). These entries do not indicate time was unreasonably

12  expended. While certain paralegal entries include calendaring deadlines, these tasks were

13  dependent upon a review of the Court's Orders; and thus, do not appear to justify reductions as

14  merely clerical functions. The Court previously recognized in December 2022 that a paralegal

15  hourly rate of $115.00 was reasonable. *Trujillo v. 4B Market Incorporated, et al.*, 2022 WL

16  17667894 (E.D. Cal. Dec. 14, 2022); *findings and Recommendations adopted in full*, 2022 WL

17  18027841 (E.D. Cal. Dec. 30, 2022). Similarly, this Court additionally has previously determined

18  in December 2020 that a $300.00 hourly rate was reasonable where the lead attorney has

19  considerable experience in ADA matters. *Id.* Ms. Moore has been an attorney for over 20 years

20  with the last 10 years specially practicing in "disability access litigation." (Doc. No. 13-2 at 2).

21  Because both the time spent and rate requested are reasonable, the undersigned recommends

22  Plaintiff's counsel be awarded $2,626.50 in attorney's fees.

23                              ii.   Litigation Expenses and Costs

24  Plaintiff moves to recover litigation expenses and costs of $754.08. (Doc. Nos. 13-1 at 7-

25  8; 13-3 at 6-9, 11). Plaintiff has attached receipts for the filing fee and process server fees, which

26  are recoverable under the ADA. *Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453, at *7 (E.D.

27  Cal. July 14, 2017); *Moralez v. 76 Orinda*, 830 F. App'x 209, 210 (9th Cir. 2020); 42 U.S.C. §

28  12205. The receipts include: (1) an invoice in the amount of $114.27 from One Legal for service

on Defendant Jagjeet Singh dated March 10, 2022 (Doc. No. 13-3 at 6); (2) an invoice in the amount of $114.27 from One Legal for the service on Defendant Sukhbir Singh dated March 10, 2022 (*Id*. at 7); (3) an invoice in the amount of $82.36 from One Legal for service on Defendant Sally Sandoval dated March 10, 2022 (*Id*. at 8); (4) an invoice in the amount of $41.18 from One Legal for service dated March 10, 2022 (*Id*. at 9);[1] and (5) a receipt in the amount of $402.00 for this Court's filing fees dated February 4, 2022 (*Id*. at 11). These receipts total $754.08. Accordingly, the undersigned recommends that the district court award Plaintiff's counsel the sum of $754.08 for litigation expenses and costs.

Below is a summary of the total amount in attorney fees and costs the undersigned recommends be awarded to Plaintiff's counsel:

| **Professional** | **Hourly Rate** | **Hours** | **Total** |
| --- | --- | --- | --- |
| Ms. Tanya E. Moore | $300.00 | 6.8 | $2,040.00 |
| Ms. Whitney Law | $115.00 | 2.9 | $333.50 |
| Mr. Isaac Medrano | $115.00 | 2.2 | $253.00 |
| Costs and Expenses | | | $754.08 |
| | | **Total** | $3,380.58 |

Accordingly, it is **ORDERED**:

Plaintiff **must** mail a copy of these findings and recommendations to Defendants at their last known address and file with the court proof of service within fourteen (14) business days of the date of this Order.

It is further **RECOMMENDED**:

Plaintiff's Motion for Default Judgment (Doc. No. 13) be GRANTED in part as follows:

    a. Judgment be entered in Plaintiff's favor and against Defendants;

    b. The district court decline to award Plaintiff statutory damages in the amount of

---

[1] The invoice does not indicate the party who was served.  The Court presumes this invoice is for Defendant Joseph Sandoval, since the other invoices indicate they were for the other Defendants, and he was served on March 6, 2022.  (Doc. No. 6).

$4,000.00;

c. Plaintiff be awarded attorney's fees, litigation expenses and costs in the amount of $3,380.58; and

d. Defendants be required within sixty (60) days of the district court's order to: (1) properly configure an accessible parking stall as required by 1991 ADAAG §§ 4.1.2(5), 4.6.3; 2010 ADAAG § 502.2; (2) provide an accessible route of travel as required by 1991 ADAAG §§ 4.1.2(1), 4.1.2(4), 4.5; 2010 ADAAG §§ 206, 402; and (3) provide an accessible threshold as required by 1991 ADAAG § 4.13.8; 2010 ADAAG § 404.2.5.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: September 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE