**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUKHBIR SINGH PHULL, dba Shop N Save Market; JAGJEET SINGH, dba Shop N Save Market; JOSEPH J. SANDOVAL, a/k/a/ JOSE J. SANDOVAL, Trustee of the SANDOVAL FAMILY TRUST, under instrument dated January 16, 2018; and SALLY SANDOVAL, Trustee of the SANDOVAL FAMILY TRUST, under instrument dated January 16, 2018,<br><br>　　　　　Defendants. | Case No.  1:22-cv-0167 JLT HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN PART, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 13, 22) |

　　　　Darren Gilbert seeks default judgment against the defendants—including Sukhbir Singh Phull, doing business as Shop N Save Market; Jagjeet Singh, doing business as Shop N Save Market; Joseph J. Sandoval, a/k/a Jose J. Sandoval, Trustee of the Sandoval Family Trust, under instrument dated January 16, 2018; and Sally Sandoval, Trustee of the Sandoval Family Trust, under instrument dated January 16, 2018— for violating the Americans with Disabilities Act of the California Unruh Act, and California Health & Safety Code §§ 19955, 19959.  (Doc. 13.)

　　　　The magistrate judge recommended Plaintiff's motion for default judgment be granted in part.  (Doc. 22.)  The magistrate judge observed that after the filing of the pending motion, the

1  Court declined to exercise supplemental jurisdiction over the claims arising under California law
2  and dismissed the claims without prejudice.  (*Id.* at 8-9, 11; *see also* Doc. 20.)  Therefore, the
3  magistrate judge recommended default judgment be denied as to the claims under the Unruh Act
4  and Cal. Health & Safety Code §§ 19955, 19959.  (*Id.* at 13-14.)  However, the magistrate judge
5  found default judgment was appropriate for Plaintiff's claim arising under the ADA, and Plaintiff
6  was entitled to the requested injunctive relief.  (*Id.* at 4-9.)  The magistrate judge recommended
7  the motion be granted as to the ADA claim, and Defendants be directed "(1) properly configure an
8  accessible parking stall as required by 1991 ADAAG §§ 4.1.2(5), 4.6.3; 2010 ADAAG § 502.2; (2)
9  provide an accessible route of travel as required by 1991 ADAAG §§ 4.1.2(1), 4.1.2(4), 4.5; 2010
10 ADAAG §§ 206, 402; and (3) provide an accessible threshold as required by 1991 ADAAG § 4.13.8;
11 2010 ADAAG § 404.2.5."  (*Id.* at 14.)  In addition, the magistrate judge recommended Plaintiff be
12 awarded attorney's fees in the amount of $2,626.50 and litigation expenses and costs in the
13 amount of $754.08, for a total of $3,380.58.  (*Id.* at 13, 14.)
14     The Court served the Findings and Recommendations on Plaintiff on September 18, 2023,
15 and Plaintiff mailed a copy to Defendants on the same date.  (Doc. 23.)  The Court informed the
16 parties that any objections must be filed within 14 days of the date of service.  (Doc. 22 at 14.)  In
17 addition, the Court informed the parties that "the failure to file objections within the specified
18 time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d
19 834, 838-39 (9th Cir. 2014), *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  No
20 objections were filed, and the time to do so has expired.
21     According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case.
22 Having carefully reviewed the entire matter, the Court concludes the Findings and
23 Recommendations are supported by the record and by proper analysis.  Thus, the Court
24 **ORDERS**:
25     1.   The Findings and Recommendation filed on September 18, 2023 (Doc. 22) are
26          **ADOPTED** in full.
27     2.   Plaintiff's motion for default judgment (Doc. 13) is **GRANTED IN PART**.
28     3.   Judgment **SHALL** be entered in favor of Plaintiff and against Defendants.

4. Plaintiff's request for statutory damages under California's Unruh Act is **DENIED**.

5. Plaintiff's request for fees, costs, and expenses is **GRANTED** in the total amount of $3,380.58.

6. Plaintiff's request for injunctive relief under the ADA is **GRANTED**.

7. Within sixty days, Defendants **SHALL**: (1) properly configure an accessible parking stall as required by 1991 ADAAG §§ 4.1.2(5), 4.6.3; 2010 ADAAG § 502.2; (2) provide an accessible route of travel as required by 1991 ADAAG §§ 4.1.2(1), 4.1.2(4), 4.5; 2010 ADAAG §§ 206, 402; and (3) provide an accessible threshold as required by 1991 ADAAG § 4.13.8; 2010 ADAAG § 404.2.5.

8. The Clerk of Court shall terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated: **October 3, 2023**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE